NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 27, 2022[*]
Decided May 16, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-2943

| | |
|---|---|
| THE WATCH COMPANY, INC., and WATCH & ACCESSORY COMPANY, *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 21-C-344 |
| CITIZEN WATCH COMPANY OF AMERICA, INC., *Defendant-Appellee*. | William C. Griesbach, *Judge*. |

**O R D E R**

Citizen Watch Company told The Watch Company, Inc., and Watch & Accessory Company—two separate Wisconsin corporations doing business under the names The WatchCo and WatchCo.com—that WatchCo could not sell Citizen's watches on third-

---

[*] We have agreed to decide the case without oral argument because the parties jointly waived oral argument, the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C), (f).

party websites like Amazon.com unless WatchCo met certain requirements. Despite not meeting those requirements, WatchCo continued to sell Citizen products on Amazon. Citizen responded by terminating WatchCo as an authorized retailer of its products. WatchCo sued under sections 135.03 and 135.04 of the Wisconsin Fair Dealership Law alleging Citizen terminated the relationship without good cause or sufficient notice.

The district court dismissed WatchCo's amended complaint, concluding that it failed to allege plausibly that Citizen had granted it a "dealership" as that term is defined by the statute. Because WatchCo does not allege that it sank substantial, unrecoverable resources into selling Citizen products or that it derived substantial revenue from its alleged status as a "dealer," we affirm.

For nearly 30 years, WatchCo sold Citizen watches as an authorized retailer pursuant to Citizen's retail-distribution policy. The policy defined, among other things, WatchCo's sales targets, the pricing scheme for Citizen watches, and the territory within which WatchCo could sell Citizen watches. On February 24, 2021, Citizen told WatchCo that it was updating its distribution policy on March 1. That update severely restricted which retailers could sell Citizen watches through third-party websites rather than their own websites or physical stores.

WatchCo sold watches exclusively through its website and Amazon.com at the time Citizen updated the territory policy in February 2021. Citizen watches accounted for 10.7% of WatchCo's sales that month, making it WatchCo's second highest-selling brand. Five WatchCo employees and an outside firm helped WatchCo sell Citizen watches and assisted its customers with warranty issues involving repairing or replacing broken watches. WatchCo estimates that since 1993 it has invested "many thousands of hours" into selling and servicing Citizen watches.

According to the new policy, WatchCo could have continued to sell Citizen watches on Amazon if it met one of two detailed exceptions to the new restrictions, but it did not (nor did it claim to). WatchCo, however, kept selling Citizen watches on Amazon. Consequently, Citizen terminated WatchCo as an authorized retailer. WatchCo's remaining inventory of 808 Citizen watches, which it remains free to sell, is worth more than $186,000.

WatchCo sued Citizen in Wisconsin state court alleging that Citizen updated its territory policy and then terminated its relationship with WatchCo without good cause, sufficient notice, or an opportunity to cure its alleged defect, all in violation of the

Wisconsin Fair Dealership Law. *See* WIS. STAT. §§ 135.03–.04. Citizen removed the case to federal court based on the parties' diverse citizenship, 28 U.S.C. §§ 1332, 1441, and thereafter moved to dismiss WatchCo's amended complaint for failure to state a claim, FED. R. CIV. P. 12(b)(6). Citizen argued, among other things, that its relationship with WatchCo was not subject to the statute because Citizen and WatchCo did not share the community of interest necessary to create a dealership.

The judge dismissed WatchCo's amended complaint with prejudice. He determined that WatchCo failed to plausibly allege that it shared a community of interest with Citizen, explaining: "There's simply not sunk costs … that would create … the community of interest required … to establish a dealership."

On appeal WatchCo maintains that its complaint stated a facially plausible claim under the Wisconsin Fair Dealership Law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); FED. R. CIV. P. 8(a)(2). We accept as true all well-pleaded allegations in the amended complaint and apply de novo review. *Marion Diagnostic Ctr., LLC v. Becton Dickinson & Co.*, 29 F.4th 337, 349 (7th Cir. 2022).

The Fair Dealership Law applies to "dealerships," which the statute defines in relevant part as:

> A contract or agreement, either express or implied, whether oral or written, between 2 or more persons, by which a person is granted the right to sell or distribute goods or services, or use a trade name, trademark, service mark, logotype, advertising or other commercial symbol, in which there is a community of interest in the business of offering, selling or distributing goods or services at wholesale, retail, by lease, agreement or otherwise.

WIS. STAT. § 135.02(3)(a). This "extremely broad and highly nuanced" definition, *Baldewein Co. v. Tri-Clover, Inc.*, 606 N.W.2d 145, 148 (Wis. 2000), has three essential components: (1) a contract or agreement; (2) that grants a person one of the enumerated rights; and (3) that demonstrates the existence of a community of interest, *Benson v. City of Madison*, 897 N.W.2d 16, 27 (Wis. 2017). The parties debate all three elements, but this case, like so many brought under the statute, primarily turns on whether there is a community of interest, and we focus our analysis there.

We conclude that WatchCo's complaint fails to allege facts that plausibly suggest a community of interest, which is defined as "a continuing financial interest between the grantor [of a dealership] and grantee in either the operation of the dealership business or the marketing of such goods or services." WIS. STAT. § 135.02(1). In *Zeigler Co. v. Rexnord, Inc.*, 407 N.W.2d 873, 879–80 (Wis. 1987), the Wisconsin Supreme Court identified ten facets of a business relationship that bear on the existence of a community of interest. But no single factor is dispositive; we consider the entirety of the parties' dealings. *Cent. Corp. v. Rsch. Prods. Corp.*, 681 N.W.2d 178, 188 (Wis. 2004). We have distilled the *Zeigler* factors into two overarching questions: (1) does the alleged dealer derive a large proportion of its revenues from the dealership, and (2) has the alleged dealer sunk substantial, unrecoverable investments into the dealership. *Frieburg Farm Equip., Inc. v. Van Dale, Inc.*, 978 F.2d 395, 399 (7th Cir. 1992).

WatchCo argues that the judge improperly focused on the sunk-cost consideration and submits that although sunk costs are an important consideration, its complaint contains facts relevant to each *Ziegler* factor, so it stated a plausible claim. WatchCo, however, merely points to its allegations that correspond to each *Zeigler* factor without addressing the essential question whether Citizen's ability to terminate the relationship threatened WatchCo's economic viability. *See Benson*, 897 N.W.2d at 32. According to the complaint, it did not. The percentage of revenue WatchCo derived from selling Citizen watches was as much as 10.7%. That proportion, though non-trivial, is insufficient to establish a community of interest. *See, e.g., Sales & Mktg. Assocs., Inc. v. Huffy Corp.*, 57 F.3d 602, 605–06 (7th Cir. 1995) (finding 23% of revenue is not dispositive). Even if WatchCo will lose some profits because it is no longer an authorized retailer of Citizen watches, the Wisconsin Fair Dealership Law does not protect against that type of sustainable economic damage. *Home Protective Servs., Inc. v. ADT Sec. Servs., Inc.*, 438 F.3d 716, 720 (7th Cir. 2006).

WatchCo, alternatively, could plead a community of interest by alleging that it made substantial, unrecoverable investments to be a Citizen "dealer." *Frieburg Farm*, 978 F.2d at 399; *Baldewein*, 606 N.W.2d at 151. It has not done so. WatchCo alleges that it spends tens of thousands of dollars annually on advertisements "to benefit the Citizen brand." But it does not contend that this sum is only for Citizen products rather than for advertisements featuring multiple brands. And WatchCo never suggests that it could not recoup its advertising investment by selling Citizen watches at a premium or that it is now "over a barrel" by spending money to advertise the products. *See Home Protective Servs.*, 438 F.3d at 720. Further, WatchCo has not alleged that it made any unrecoverable, Citizen-specific investment in its facilities or that it suffered any

opportunity costs because of its relationship with Citizen. *See Frieburg Farm*, 978 F.2d at 400–01; *Cent. Corp.*, 681 N.W.2d at 189. And WatchCo can recoup the cost of its existing inventory by selling it. *See Frieburg Farm*, 978 F.2d at 399.

Nor is this a case where the "combination of revenues and investments could manifest a community of interest, even if neither could standing alone." *Id.* Again, WatchCo derives, at best, 10.7% of its revenues from selling Citizen watches and has not alleged any unrecoverable sunk costs. Because one of the relevant considerations is deficient and the other is absent, they cannot combine to produce a plausible allegation of a community of interest. Consequently, WatchCo's complaint failed to state a claim under the Wisconsin Fair Dealership Law.

AFFIRMED